UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANGELA FLORES, individually and on behalf of other similarly situated current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>DART CONTAINER CORPORATION, a Nevada corporation; DART CONTAINER CORPORATION OF CALIFORNIA, a Michigan corporation, and DOES 1-100, inclusive,<br><br>Defendant. | No. 2:19-cv-00083<br><br><u>ORDER RE: PLAINTIFF'S MOTION TO MODIFY PRETRIAL SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u> |

----oo0oo----

Plaintiff Angela Flores brought this action, individually and on behalf of other similarly situated current and former employees, against defendants Dart Container Corporation and Dart Container Corporation of California, alleging claims for failure to furnish accurate wage statements, unfair business practices, and a representative claim to assess

1

and collect civil penalties.  Before the court is plaintiff's Motion to Amend the Status (Pretrial Scheduling) Order (Docket No. 10) and for leave to file a First Amended Complaint ("FAC"). (Docket No. 15.)

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  A party seeking leave to amend under Rule 16(b) must demonstrate "good cause."  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  Johnson, 975 F.2d at 609.

Within three weeks after the court issued the Scheduling Order, plaintiff propounded formal discovery on defendants.  Defendants provided initial responses to interrogatories on July 29, 2019.  Defendants then provided supplemental responses to interrogatories by mail on October 16, 2019.  Based on those supplemental responses, specifically policy documents that outline defendants' sick leave policy, plaintiff's counsel noticed that defendants compensated plaintiff for redeemed sick pay solely at her base hourly rate and failed to include shift differentials.  Plaintiff contacted defense counsel regarding the anticipated need to amend the Complaint to include sick pay claims on October 24, 2019 -- only eight days after discovering the potential claims.  Under these circumstances, the court finds good cause.

Under Federal Rule of Civil Procedure 15(a), "leave to

amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Id. None of those circumstances are present here.[1]

IT IS THEREFORE ORDERED that plaintiff's motion to modify the scheduling order and for leave to file an amended complaint (Docket No. 15) be, and the same hereby is, GRANTED.

Plaintiff shall have twenty days from the date this Order is signed to file an amended complaint consistent with this Order.

Dated: March 11, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] This court's granting of leave to file an amended complaint is without prejudice to defendants raising any arguments in a motion to dismiss the amended complaint.

3