UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANGELA FLORES, individually and on behalf of other similarly situated current and former employees,<br><br>    Plaintiff,<br><br>    v.<br><br>DART CONTAINER CORPORATION, a Nevada corporation; DART CONTAINER CORPORATION OF CALIFORNIA, a Michigan corporation; and DOES 1-100, inclusive,<br><br>    Defendants. | No. 2:19-cv-00083 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Angela Flores filed this action against Dart Container Corporation and Dart Container Corporation of California (collectively "Dart"), and Does 1 through 100 (collectively "defendants"), alleging that defendants furnished inaccurate wage statements and underpaid sick leave. Before the court is defendants' motion to dismiss the second, third, and

1

fourth causes of action of plaintiff's First Amended Complaint ("FAC").  (Docket No. 24.)

I.   Relevant Allegations

Flores was hired by Dart as an Inspector/Packer in Dart's Victor, California warehouse.  (FAC ¶ 8 (Docket No. 23).)  Flores was properly classified as a non-exempt employee of Dart and paid on a bi-weekly pay period basis.  (Id.)  In conjunction with each bi-weekly payday, Flores was provided a wage statement that purported to document her hours and earnings.  (Id. ¶ 11.)  The wage statements allegedly failed to identify the total hours worked during the pay period.  (Id. ¶ 14.)  Although the wage statements contained a column designated "Hours," the documents contained no specific line item for total hours worked.  (Id.)  Further, simply adding the numbers in the "Hours" column did not result in a number that accurately reflected the total number of hours worked by plaintiff.  (Id. ¶ 15.)

In addition, although Dart was required to pay "paid sick days" to plaintiff at plaintiff's regular rate of pay, Dart paid plaintiff's paid sick days at her base hourly rate.  (Id. ¶ 22.)  Shift differentials and other remuneration was not included in the calculation of her rate of pay.  (Id.)

Plaintiff filed suit individually and on behalf of other similarly situated current and former employees alleging the following causes of action: (1) failure to furnish accurate wage statements, Cal. Labor Code § 226(a); (2) failure to properly pay sick leave wages, Cal. Labor Code §§ 218.5; 246(l); (3) failure to pay all wages due and owing on separation, Cal. Labor Code §§ 203; (4) unfair business practices, Cal. Bus. &

2

Prof. Code § 17200 et seq.; and (5) Private Attorney General's Act claim for recovery of civil penalties, Cal. Labor Code § 2698 et seq. (See generally FAC.)

II.  Failure to Properly Pay Sick Leave Wages (Second Cause of Action)

Plaintiff alleges that defendants failed to compensate plaintiff for sick leave at the "regular rate of pay" in violation of the Healthy Workplaces, Healthy Families Act ("HWHFA" or "the Act").  See Cal. Labor Code § 246(l)(1).  The parties agree that the HWHFA does not provide plaintiff a private cause of action.  (See Mot. at 5; Opp'n at 1 (Docket No. 28); see also Titus v. McLane Foodservice, Inc., No. 2:16-CV-00635 KJM EFB, 2016 WL 4797497, at *4  (E.D. Cal. Sept. 14, 2016).) Plaintiff instead purports to enforce the HWHFA under Section 218 of the California Labor Code.

Section 218 provides that "[n]othing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."  Cal. Labor Code § 218 (emphasis added).  Section 218 falls under Article 1, which spans Sections 200 through 243. However, because the HWHFA falls under Article 1.5, which includes Sections 245 through 249, rather than Article 1, plaintiff cannot rely on Section 218 to enforce the Act.  See Benitez v. Wilbur, No. 1:18-cv-1122 LJO GSA, 2009 WL 498085 (E.D. Cal. Feb. 26, 2009); see also Valenzuela v. Giumarra Vineyards Corp., 614 F. Supp. 2d 1089, 1101 (E.D. Cal. 2009); Campbell v. Pricewaterhouse Coopers, LLP, No. CIV. 2:06-cv-2376 LKK GGH, 2007 WL 841694, at *8 (E.D. Cal. Mar. 20, 2007).

3

This court recognizes that the district court in Kamar v. RadioShack Corporation, No. CV07-2252AHM(AJWX), 2008 WL 2229166 (C.D. Cal. May 15, 2008), held that Section 218 authorized plaintiff's private action to recover "wages of any kind," not just those specified in Article 1. Id. at *7-8.[1] The Kamar court noted that when Article 1 was enacted in 1919, Article 1 contained "no provision creating any right to a particular kind of wages."[2] Kamar, 2008 WL 2229166, at *8. Article 1 instead governed "the time and manner of payment." See id. Because Section 218 "simply does not specify what kinds of wages a worker may seek in a lawsuit," id., the Kamar court interpreted the phrase "wages . . . due under this article" "to refer not to a specific mandated category of wages, but to wages of any kind that had not been paid in accordance with requirements in Article 1 governing the time and manner of payment." Id. (emphasis added).

Relying on Kamar, plaintiff asks the court to find that a plaintiff has a private cause of action simply to recover unpaid "wages of any kind." (Opp'n at 7.) This interpretation

---

[1] No other court has explicitly decided the issue. In Sanchez v. Aerogroup Retail Holdings, Inc., No. 12-CV-05445-LHK, 2013 WL 1942166, at *6 n.4 (N.D. Cal. May 8, 2013), for example, the court considered whether plaintiff had a private cause of action under Section 450. The court "[did] not take a position on whether Benitez or Kamar is correct." Id. at *6 n.4. The court appeared to agree with Benitez, however, because the court noted that "Section 218's use of the phrase 'under this article' further undermine[d] the Court's ability to discern a clear legislative intent to authorize an action under Section 450 as it is not contained in the same article as Section 218."

[2] In all of Article 1, only Section 226.7, which was enacted in 2000, creates such a right. Kamar, 2008 WL 2229166, at *8.

4

would render the phrase "under this article" superfluous.  See Benitez, 2009 WL 498085, at *4 n.2 ("A right of private action under section 218 pertains only to 'this article.'").  Under this interpretation, a plaintiff could avoid all references to Article 1 in its action under Section 218.  This court disagrees with plaintiff's interpretation and instead finds that Section 218 does not authorize a private cause of action absent allegations under Article 1.

In the alternative, plaintiff contends that the allegations support a violation of Section 233 of Article 1. Section 233 prohibits employers from denying employees the use of accrued sick leave.  Cal. Labor Code § 233.  Plaintiff, however, "is not seeking redress for denied sick leave, she is seeking redress for the underpayment of redeemed and vested sick pay." (Pl.'s Opp'n at 5; see also FAC ¶ 20.)  Because plaintiff does not argue that the allegations constitute a violation of any other Article 1 provision, plaintiff does not have a private cause of action for her HWHFA claim.  The court will therefore dismiss the Second Cause of Action of the FAC.

III. Failure to Pay All Wages Due and Owing on Separation (Third Cause of Action)

Plaintiff alleges a violation of Section 203(a) of the California Labor Code.  Section 203 does fall under Article 1 and is therefore actionable under Section 218.  See supra.

An action under this section is not an action to collect due and unpaid wages, but rather one to collect a penalty arising out of the failure to pay wages.  Lane v. Francis Capital Mgmt., LLC, 224 Cal. App. 4th 676, 684 (2d Dist. 2014); see also

Cal. Labor Code § 203; Cal. Labor Code § 218 (authorizing suit "for any wages or penalty due him under this article"). To allege a claim under Section 203, plaintiff must establish that the sick leave defendants allegedly owe plaintiff constitutes "wages" within the meaning of the statute. See Cal. Labor Code § 203(b) ("Suit may be filed for these penalties . . . on an action for the wages from which the penalties arise.")

Section 200(a) defines "wages" to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Cal. Labor Code § 200(a). This has been interpreted to encompass "anything 'promised as part of the compensation for employment,' and it is due when 'all conditions agreed to in advance have been satisfied.'" Naranjo v. Spectrum Sec. Servs., Inc., 40 Cal. App. 5th 444, 464 (2d Dist. 2019) (quoting Davis v. Farmers Ins. Exch., 245 Cal. App. 4th 1302, 1331 (2016), as modified on denial of reh'g (Apr. 21, 2016), 245 Cal. App. 4th at 1331). The California Supreme Court construes statutes governing conditions of employment, including Section 200(a), "broadly in favor of protecting employees." Murphy, 40 Cal. 4th at 1103.

The court finds that paid sick leave is "wages" within the meaning of Section 200(a). In construing the definition of "wages" "broadly," the California Supreme Court has unambiguously stated that "wages" encompass "sick pay." Murphy, 40 Cal. 4th at 1103 (citing Suastez v. Plastic Dress-Up Co., 31 Cal. 3d 774, 780 (1982); Dept. of Indus. Relations v. UI Video Stores, Inc., 55 Cal. App. 4th 1084, 1091 (1st Dist. 1997)). Also, in Katosh v.

Sonoma County Employees' Retirement Association, 163 Cal. App. 4th 56 (1st Dist. 2008), the court held that sick leave "when taken as time off during the period of employment" constitutes "regular compensation" under the Government Code. Id. at 69-70.

Defendants argue that sick pay does not constitute wages because a worker is not entitled to payment of sick days as they accrue. Under the HWHFA, "an employer is not required to provide compensation to an employee for accrued, unused paid sick days upon termination, resignation, retirement, or other separation from employment." Cal. Lab. Code § 246(g)(1). Because, unlike other kinds of wages, sick leave does not "vest" as labor is rendered, see Suastez, 31 Cal. 3d at 781, defendants contend that sick leave is different from wages.

Here, however, plaintiff has already used the sick leave at issue. The HWHFA entitles plaintiff to a "regular rate of pay" for sick leave taken, and plaintiff alleges that defendants paid a lower rate. See Cal. Labor Code § 246(l)(1). While, as defendants correctly point out, pursuant to Section 246(g)(1), defendants do not owe plaintiff compensation for "accrued, unused" sick leave, defendants owe plaintiff accurate payment of sick leave already taken. See id. Although sick leave may not vest as labor is rendered, it vests when it is taken, as is the case here.

For the foregoing reasons, the court finds that sick leave constitutes "wages," and will not dismiss the Third Cause of Action of the FAC.

IV. Unfair Business Practices (Fourth Cause of Action)

To bring a claim for unfair business practices in

7


1. violation of the Cal. Bus. & Prof. Code § 17200, a plaintiff must
2. show either (1) unlawful, unfair, or fraudulent business acts or
3. practices, or (2) unfair, deceptive, untrue, or misleading
4. advertising.  Lippitt v. Raymond James Fin. Servs., Inc., 340
5. F.3d 1033, 1043 (9th Cir. 2003) (citing Cal. Bus. & Prof. Code §
6. 17200).  Section 17200 is a "borrowing statute" that effectively
7. renders violation of "virtually any law" actionable under its
8. "unlawful" prong.  Gafcon, Inc. v. Ponsor & Assocs., 98 Cal. App.
9. 4th 1388, 1425 n.15 (4th Dist. 2002); Shasta Linen Supply, Inc.
10. v. Applied Underwriters, Inc., No. 2:16-00158 WBS AC, 2017 WL
11. 4652758 * 8 (E.D. Cal. Oct. 17, 2017).  Section 17200 thus makes
12. violations of other statutes "independently actionable."  Gafcon,
13. 98 Cal. App. 4th at 1425 n.15.
14.         Defendants do not dispute that the allegations in the
15. complaint sufficiently allege that defendants have failed to
16. comply with the HWHFA.  Further, at oral argument, defendants
17. agreed that plaintiff has successfully alleged a § 17200 claim
18. for restitution only.  Accordingly, the court will not dismiss
19. the Fourth Cause of Action.
20.         IT IS THEREFORE ORDERED that defendants' motion to
21. dismiss (Docket No. 24) be, and the same hereby is, GRANTED as to
22. the Second Cause of Action and DENIED as to the Third and Fourth
23. Causes of Action of the First Amended Complaint.
24. Dated:  May 27, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE